RECEIVED
SEP 19 2017
AT 8:30
WILLIAM T. WALSH M
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BORN ISLAM RUSH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

HONORABLE ANNE E. THOMPSON

Civil Action
No. 16-2980 (AET)

**OPINION**

APPEARANCES:

Alison Brill, Esq.
Office of the Federal Public Defender
22 S. Clinton Ave. Station Plaza #4, 4th Fl.
Trenton, New Jersey 08609
    Attorneys for Petitioner Born Islam Rush

William E. Fitzpatrick, Acting US Attorney
Molly S. Lorber, AUSA
United States Attorney's Office
402 East State Street
Room 430
Trenton, New Jersey 08608
    Attorneys for Respondent United States of America

**THOMPSON, District Judge:**

**I.   INTRODUCTION**

Born Islam Rush ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. Motion, Docket Entry 1. Respondent United States of America opposes the motion. Answer, Docket Entry 11. For the reasons stated herein, Petitioner's motion is denied, and no certificate of appealability will issue.

## II. BACKGROUND

Petitioner pled guilty to a superseding information charging him with distribution of 5 or more grams of crack cocaine, 21 U.S.C. § 841. *United States v. Born Islam Rush*, No. 09-cr-174 (D.N.J. Jan. 25, 2011). At sentencing, Chief Judge Garrett E. Brown, Jr., D.N.J.,[1] determined Petitioner had two prior convictions that qualified him as a career offender under the sentencing guidelines. "Mr. Rush was designated as a career offender with a base offense level of 34, a total offense level of 31, a criminal history category of VI, and an advisory guideline range of 188 to 235 months." Petition at 2. The court imposed a 96-month sentence.

On June 26, 2015, the United States Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). "The residual clause defined a crime as a 'violent felony' if it 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *In re Hoffner*, No. 15-2883, 2017 WL 3908880, at *2 (3d Cir. Sept. 7, 2017) (precedential) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). Petitioner thereafter filed his first motion under 28 U.S.C. § 2255 on May 25, 2016 challenging his

---

[1] Petitioner's criminal case was reassigned to the undersigned on February 26, 2015.

designation as a career offender under the sentencing guidelines.[2] The Court ordered Respondent to answer the petition on May 26, 2016; however, Chief Judge Simandle issued a standing order on June 23, 2016 staying all cases seeking relief under *Johnson*. The standing order provided for a 150-day period in which petitioners could supplement their *Johnson* motions, followed by a 150-day period for the United States to answer. *See* Standing Order 16-2, *available at* http://www.njd.uscourts.gov/sites/njd/files/Johnson.pdf.

The Court conducted a telephone conference with the parties on January 11, 2017 at which time the parties agreed to lift the stay imposed by the standing order and to a briefing schedule. Instead of filing an answer, Respondent filed a motion to stay briefing pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. Petitioner objected. Before the Court could rule on the motion, the Supreme Court determined the advisory sentencing guidelines were not subject to vagueness challenges. *Beckles v. United States*, 137 S. Ct. 886 (2017). The Court dismissed Respondent's motion as moot, and Respondent filed its answer arguing Petitioner's § 2255 motion was meritless in light of *Beckles*.

---

[2] The Supreme Court determined *Johnson* is retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner's *Johnson* argument is therefore timely under 28 U.S.C. § 2255(f)(3).

3

The matter is now ripe for decision.[3]

III. **STANDARD OF REVIEW**

Section 2255 provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to relief.

IV. **ANALYSIS**

Petitioner argues his sentence is invalid because the sentencing guidelines career offender provision that was in effect at the time of his sentencing was identical to the residual clause struck down by the Supreme Court in *Johnson*. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a)(2) (U.S. SENTENCING COMM'N

---

[3] The Court held oral argument on a motion to withdraw as counsel filed by counsel for Petitioner on April 18, 2017. Petitioner and counsel both represented to the Court at that hearing that they intended to withdraw the motion to withdraw. Counsel indicated they would not be filing anything further on Petitioner's § 2255 motion.

4

2010) (defining "crime of violence" as including offenses that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). Petitioner was sentenced post-*Booker*,[4] such that the guidelines were advisory at the time of sentencing. This puts Petitioner's arguments squarely in the category of claims foreclosed by *Beckles*. *See In re Hoffner*, No. 15-2883, 2017 WL 3908880, at *8 (3d Cir. Sept. 7, 2017)(precedential). His § 2255 motion must therefore be denied.

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it debatable that Petitioner's arguments are meritless under *Beckles* and that he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[4] *United States v. Booker*, 543 U.S. 220 (2005).

5

## V. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is denied. No certificate of appealability shall issue. An accompanying Order will be entered.

Sept 18, 2017
Date

ANNE E. THOMPSON
U.S. District Judge